# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PETERSON DESRAVINES,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:11-cv-732-Orl-18DAB**

**APOPKA POLICE DEPARTMENT,
JAMES ANDERSON, in his professional &
individual capacities, CITY OF APOPKA,
ORANGE COUNTY SCHOOL BOARD,
RONALD BLOCKER, Superintendent,
ORANGE COUNTY, JOHN DOES,
Individually & Jointly, JANE DOES,
Individually & Jointly,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**     **May 2, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may

dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal ,* – U.S. – ,129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of

a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.  Applied here, the Complaint does not meet this standard.

Plaintiff attempts to assert various federal and state claims against a variety of defendants, including the school board, the City of Apopka, the Superintendent of Orange County Schools and several John and Jane Does, noting that all public employees are sued in their official and individual capacities.  Although the Complaint states that it is asserting sixteen separate federal and state claims against "the defendants," it presents only one count-- for "violations of 42 U.S.C. 1983: Arrest." While the Complaint is long on citations to statutes and cases, the factual basis pled is sparse and conclusory.  Plaintiff alleges:

> 14. On June 24, 2008 Plaintiffs Peterson Desravines was falsely arrested by officer James Anderson at Apopka High School located at 555 W Martin St. Apopka Florida 32712 while plaintiff was at the School waiting to see if the coach will let me and my brother try out for Foot Ball the officer filed a perjurious affidavits, police report, and statements under oath. The case eventually try by the state attorney office and the state entered a Nolle Prosequi in my favor a copy of the Nolle Prosequi Order attached as EXHIBIT 1& A 1& included 1 page.
> 15. I contend that the Officer violated my fourth Amendment.
>
> * * *
> 19. There was no warrant for the arrest of plaintiffs on June 24, 2008 by Officer James Anderson. The arrest was without reasonable grounds for said Defendants to believe Peterson had committed an offense and Defendants knew they were without probable cause to arrest Peterson.
> 20. No complaint, information, or indictment was ever sworn against Peterson alleging offenses occurring prior to the moment Defendants James Anderson handcuffed Peterson and told him he was under arrest.
> 21. As a result of their concerted unlawful and malicious arrest by Defendants James Anderson, and Peterson was deprived of both their liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in

>   violation of the Fifth and Fourteenth Amendments of the Constitution
>   of the United States and 42 U.S.C. sec. 1983.
>   WHEREFORE, Plaintiff demands judgment for the false arrest
>   against all the Defendants jointly and severally, for actual, general,
>   special, compensatory damages in the amount of $500 000,000 for
>   Jose, plus the costs of this action, including attorney's fees, and such
>   other relief deemed to be just and equitable.

(Doc. No. 1).

As is clear, at best, the Complaint presents one claim against Officer James Anderson, alleged to be "a duly appointed Police officer in the Apopka Police Department" (Complaint - Allegation 4). There are no allegations to support any claim against the other Defendants. Moreover, as to the one claim pled, Plaintiff seeks damages in the amount of $500 *million* dollars "for Jose," plus costs and attorney's fees. To the extent this is a claim brought on someone else's behalf, Plaintiff has failed to show that he has standing to bring such a claim.[1] Construed liberally, the Complaint does not meet the pleading standard and fails to state a cognizable claim.

Additionally, the Court recommends denial of the motion to proceed *in forma pauperis*, as it is incomplete (Doc. No. 2). Plaintiff admits that he has received income from business, profession, or other self-employment, but does not identify the source of the money nor state the amounts received. Plaintiff lists no expenses whatsoever, no wages and no debts. Absent any accurate indication of Plaintiff's financial situation, granting the motion is not warranted.

As Plaintiff has failed to state a cause of action within the limited jurisdiction of this Court, it is **respectfully recommended** that the motion be **denied** and the Complaint be **dismissed** as frivolous in that sense. As it is possible that Plaintiff may be able to state a cognizable cause of action within the jurisdiction of this Court, the dismissal should be without prejudice to the refiling of an

---

[1]Additionally, Plaintiff cannot claim attorney's fees while proceeding *pro se*.

Amended Complaint that meets the pleading standard as to each claim asserted, accompanied by a **complete and accurate** motion to proceed *in forma pauperis,* if appropriate.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 4, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy